IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

ANTHONY JACKSON,

      Petitioner,      Civil No. 05-1555-AA

      v.               ORDER

CHARLES DANIELS,

      Respondent.

AIKEN, District Judge.

    Petitioner, a federal inmate incarcerated at FCI Sheridan filed a petition for writ of habeas corpus under 28 U.S.C. § 2241 alleging that his constitutional rights were violated when a Disciplinary Hearings Officer found that he committed the prohibited act of "fighting with another person" in violation of Code 201. Petitioner acknowledges that he punched another inmate in the face but contends that his rights were violated because the other inmate did not receive

1 - ORDER

an incident report or otherwise subject to discipline. Petitioner seeks expungement of the incident report and disciplinary sanction he received.

Although petitioner contends that he was acting in "self defense," the material facts are not in dispute. Petitioner "does not deny that there was an altercation between himself and inmate Bok Lee." Petitioner argues that: 1.) he was not treated "fair or equal" because inmate Lee was not subject to discipline for his part in the incident, and 2.) that "there must be two people or more to receive a 201 for fighting."

Petitioner's argument is that although there was an "altercation" and that he acted in "self defense," the incident could not have constituted a "fight" for purposes of a rule violation because the other participant was not charged.

Petitioner's argument has a ring of logic. However, the fact that the other participant was charged is immaterial, as a factual matter, to whether or not there was a fight. Petitioner admits that there was a fight and does not deny that he punched inmate Lee in the face causing a laceration on Lee's upper lip, and abrasions on his right cheek and neck.

Therefore, the only issue before the court is whether plaintiff received the procedural due process guarantees applicable to prison disciplinary hearings enunciated in Wolff

v. McDonnell, 418 539 (1974).

The five elements required for procedural due process with regard to a prison disciplinary hearing are: 1.) written notice of the charged misconduct at least 24 hours before the hearing; 2.) an impartial hearing body; 3.) an opportunity to present witnesses and documentary evidence; 4.) assistance for illiterate inmates or in a complex case; and 5.) a written statement of the evidence relied upon and reasons for the sanction. Wolff v. McDonnell, supra; Neal v. Shimoda, 131 F.3d 818 (9th Cir. 1997); see also, Zimmerlee v. Keeney, 831 F.2d 183 (9th Cir. 1987). Additionally, in Superintendent v. Hill, 472 U.S. 445 (1985), the Supreme Court held that due process is satisfied if there is "some evidence" showing that the inmate committed the offense. The BOP applies a "greater weight of the evidence" in situation in which there is conflicting evidence.

Petitioner contends that his rights were violated because he was not allowed to call witnesses and because the hearing was not "fair and impartial." Petitioner's contention that the hearing was not fair and impartial is not supported by any factual allegation or argument.

Petitioner's allegation that he was not allowed to "call witnesses" is not supported by the record which establishes that petitioner was afforded an opportunity to request a staff

representative and witness and that the staff representative appeared at the hearing and provided statements made by the witnesses identified by petitioner. Petitioner was also given the opportunity to make a statement and to present documentary evidence on his behalf. Petitioner acknowledges that the staff representative "got some information from witnesses to support petitioner." Response to Government's Reply Brief (#15) p. 5. Petitioner further acknowledges that the "staff rep was ... only working in support of petitioner." Id.

The record before the court establishes that petitioner's disciplinary process was appropriate and in accordance with Program Statement 5270.07, and that the decision of the hearings officer was supported by "the greater weight of the evidence." Petitioner admitted on the record that he was fighting. Petitioner's argument that his conduct was not technically "fighting" because the other inmate was not charged is not convincing and does not establish a claim that his due process rights were violated.

Petitioner's Petition for Writ of Habeas Corpus (#1) is denied. This proceeding is dismissed

DATED this __11__ day of May, 2005.

                               /s/ Ann Aiken
                               Ann Aiken
                               United States District Judge